Electronically Filed
Intermediate Court of Appeals
29269
30-JUN-2011
07:53 AM

NOS. 29269 and 29270

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NO. 29269
STATE OF HAWAI'I, Plaintiff-Appellee, v.
GREG SCHOENLEIN, Defendant-Appellant
(CR. NO. 04-1-2287)

AND

NO. 29270
STATE OF HAWAI'I, Plaintiff-Appellee, v.
GREG WALTER SCHOENLEIN, Defendant-Appellant
(CR. NO. 05-1-2431)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Greg Walter Schoenlein (Schoenlein) appeals from the September 22, 2008 judgments of the Circuit Court of the First Circuit (circuit court),[1] convicting him of Theft in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-831(1)(b) (Supp. 2010), Attempted Escape in the Second Degree, in violation of HRS §§ 710-1021 and 705-500 (1993), and Attempted Escape in the First Degree, in violation of HRS §§ 710-1020 and 705-500 (1993).

In Appeal No. 29269, the appeal of the theft conviction, Schoenlein argues that the circuit court erred by violating his right to a speedy trial under Rule 48 of the

---

[1] The Honorable Steven S. Alm presided.

Hawai'i Rules of Penal Procedure (HRPP), the Interstate Agreement on Detainers (IAD), as codified at HRS § 834-1 (1993), and the U.S. and Hawai'i Constitutions. In Appeal No. 29270, the appeal of the attempted escape convictions, Schoenlein raises five points of error: (1) violation of speedy trial rights under the HRPP and the state and federal Constitutions, (2) violation of the IAD, (3) violation of HRPP Rule 9, (4) insufficient evidence, and (5) cruel and unusual punishment.

Upon careful review of the record and arguments submitted, and having given due consideration to the arguments advanced, the issues raised, and the relevant law, we conclude as follows.

(1) The circuit court did not err in denying Schoenlein's motions to dismiss under HRPP Rule 48.

HRPP Rule 48(b)(1) mandates the dismissal of a charge unless trial is commenced within six months from the time of arrest or the filing of the charges, whichever occurs first. Six months is "construed as one hundred eighty days." State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996). Pursuant to HRPP Rule 48(c), certain periods of delay are excluded from the computation of the 180-day time limit. Id. To determine whether dismissal is required under HRPP Rule 48, the start date and all excludable periods must be identified. State v. Diaz, 100 Hawai'i 210, 222, 58 P.3d 1257, 1269 (2002) (citation omitted).

The start of the trial clock on the theft charges began on November 17, 2004, when Schoenlein was indicted. The period between the indictment on November 17, 2004 and the first trial call on February 7, 2005, is included in the 180-day calculation. This amounts to eighty-two days, which were properly charged to the prosecution. The running of trial clock on the two attempted escape charges began November 22, 2005 when Schoenlein was indicted. The time between the indictment and Schoenlein's May 11, 2006 arrest was properly excluded under Rule 48(c)(5), and the time between May 11, 2006 and July 10, 2006, the first

trial call on the attempted escape charges, a total of sixty days, was appropriately charged to the prosecution.

The time between the first trial calls held in both cases and December 17, 2007 is excludable under HRPP Rule 48(c)(3). The record reflects that during that time, the circuit court met with the State attorneys and Schoenlein's public defender for status conferences and repeatedly continued them. This period is excludable from the calculation under Rule 48(c)(3), which covers "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel." The rescheduling of a pretrial status conference, a precondition to the commencement of trial, delays the start of trial and is therefore excludable. Jackson, 81 Hawai'i at 52, 912 P.2d at 84.

Schoenlein complains on appeal that he did not agree to the continuances. However, there is no requirement that the defendant himself must agree to the continuance, as Rule 48(c)(3) "only requires consent from either the defendant or the defendant's counsel." Diaz, 100 Hawai'i at 223, 58 P.3d at 1270. Moreover, the circuit court found that "[a]t each of the status conferences there's an agreement to continue to another status conference[,]" a finding which is supported by the testimony of the attorney who represented the State in the theft case. The circuit court's finding was not clearly erroneous and will not be disturbed on appeal. State v. Okumura, 78 Hawai'i 383, 392, 894 P.2d 80, 89 (1995).

The forty-two days between December 17, 2007, and January 28, 2008, was excludable under Rule 48(c)(1), and the remaining time before the June 4, 2008 commencement of trial was excludable under subsection (c)(3). At the December 17, 2007 trial call, Shoenlein's attorney stated that he would be filing a motion to dismiss and the status conference was continued until January 25, 2008. Schoenlein filed a motion to dismiss on January 24, 2008. At the January 28, 2008 hearing on the motion, Schoenlein's attorney moved to withdraw as counsel. The time

needed to reset the case for trial following the appointment of new counsel was attributable to the defendant and excludable under Rule 48(c)(1) and (c)(3). See State v. Cenido, 89 Hawai'i 331, 336, 973 P.2d 112, 117 (App. 1999) (defendant's oral motion for continuance and defense counsel's motion to withdraw, and periods of delay they created, were excludable).

Schoenlein argues that the State lacked diligence in bringing him back to Hawai'i from Michigan, where he was incarcerated, to stand trial. Based on Schoenlein's citation to State v. Jackson, 8 Haw. App. 624, 630, 817 P.2d 130, 134-35 (1991), we can infer that this argument relates to HRPP Rule 48(c)(5),[2] which involves the "absence or unavailability of the defendant[,]" another basis for excluding the time cited by the circuit court. While the record does not explain why 105 days elapsed between the Department of the Attorney General's (DAG) receipt of Schoenlein's request for "final disposition of all untried indictments," the entire time that Schoenlein was in Michigan was properly excluded under Rule 48(c)(3), as noted above. A given time period can only be excluded from computation of speedy trial period once. State v. Hoey, 77 Hawai'i 17, 31, 881 P.2d 504, 518 (1994). Therefore, the circuit court did not, for purposes of Rule 48, need to consider whether the State was diligent in procuring Schoenlein's presence for trial.

Because of the continuances granted with defense counsel's consent and the delays caused by motions filed by Schoenlein, only ninety-eight days on the theft charge and 116 days on the attempted escaped charges had elapsed. Accordingly, Schoenlein was brought to trial within the 180 days allowed by HRPP Rule 48.

(2) The State did not violate the IAD. The IAD, an agreement between nearly every state, the federal government, and

---

[2] In State v. Jackson, this court held that "a defendant or essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence[.]" 8 Haw. App. 624, 630-631, 817 P.2d 130, 135 (1991) (quoting the Federal Speedy Trial Act, 18 U.S.C.S. § 3161(h)(3)(b) (Law. Co-op. 1979)).

4

the District of Columbia, provides a mechanism by which a member state can secure the presence at trial of a prisoner incarcerated within the jurisdiction of another compact member and by which a prisoner may demand the speedy disposition of charges in a jurisdiction other than the one where he is being held. State v. Batungbacal, 81 Hawai'i 123, 126, 913 P.2d 49, 52 (1996).

"The IAD is invoked only when a 'detainer' is initially sent from a compact member having untried charges pending against the prisoner to a compact member with custody over the prisoner." Id. (alterations omitted). "Quite simply, the IAD has no applicability until a detainer comes into being." State v. Anderson, 939 N.E.2d 1317, 1321 (Ohio Ct. App. 2010) (citing United States v. Mauro, 436 U.S. 340, 343 (1978)). Because the prosecuting attorney's office never lodged a detainer notifying Michigan of the untried attempted escape charges, the IAD does not apply in Appeal No. 29270.

In Appeal No. 29269, Schoenlein argued below that the DAG violated the IAD by "willfully delaying the lodging of a detainer" until June 1, 2007. The IAD, however, puts no duty upon a prosecutor to file a detainer. Fex v. Michigan, 507 U.S. 43, 51 n.4 (1993); see also State v. Maddox, 195 P.3d 1254, 1262 (N.M. 2008); State v. Welker, 141 P.3d 8, 12 (Wash. 2006); People v. Castoe, 150 Cal. Rptr. 237, 240 (Cal. Ct. App. 1978) ("The lodging of a detainer . . . is discretionary with the district attorney."). Logically, a delay in filing a detainer, regardless of length, cannot violate the IAD where the IAD does not require that one be filed at all.

Once a detainer is lodged, however, the IAD is triggered and provides deadlines for bringing the incarcerated accused to trial. See Batungbacal, 81 Hawai'i at 127, 913 P.2d at 53. Although the circuit court never concluded whether IAD Article III's 180-day deadline or Article IV's 120-day deadline applied in this case, based on the record presented, we agree with Schoenlein's position below that Article III applied. There was no evidence that the State requested temporary custody of

5

Schoenlein, but there was evidence that Schoenlein requested disposition of the theft charge. See HRS § 834-1, art. III and IV.

On appeal, Schoenlein appears to argue the 180-day IAD period should start at either July 13, 2007 or March 24, 2007; neither is correct. The 180 days starts on delivery of the notice to the prosecuting official and the circuit court. Batungbacal, 81 Hawai'i at 127, 913 P.2d at 53; see also Fex, 507 U.S. at 52. The record reflects that the DAG and the circuit court received Schoenlein's "Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints" and the required accompanying documents from the Michigan prison warden on July 19, 2007. The 180-day period under the IAD, with no extensions given, would have begun July 19, 2007, and ended January 19, 2008. See HRS § 834-1, Art. III(a).

Like the HRPP, the IAD allows for the time-to-trial clock to be tolled.

> The 180-day period provided in article III(a) may be tolled for three reasons:
>
> > (1) to allow the trial court to grant any necessary and reasonable continuance for good cause shown in open court with the defendant or his counsel present, . . . [Article] III(a); (2) for as long as the defendant is unable to stand trial, . . . [Article] VI(a); or (3) for any period of delay in bringing the defendant to trial caused by the defendant's request or to accommodate the defendant.

State v. Schmidt, 84 Hawai'i 191, 197, 932 P.2d 328, 334 (App. 1997) (citations omitted, block format altered). See also Batungbacal, 81 Hawai'i at 130, 913 P.2d at 56 (construing the phrase "unable to stand trial" in the tolling provision of [A]rticle VI(a) of the IAD as including "all those periods of delay occasioned by the defendant, including delays attributable to motions filed on behalf of the defendant").

The circuit court found that Schoenlein's attorney made an oral motion in chambers to continue the case until January 25, 2007 so that he could file a motion to dismiss; that this request

met the requirement for a "good cause" for which a continuance could be granted; and that the "open court" requirement was waived. Schoenlein appears to object to this finding on appeal, essentially arguing that in-chamber continuances cannot toll the speedy-trial clock because they were not granted, as Article III(a) requires, "for good cause shown in open court." We do not consider this proposition, because "periods of delay occasioned by the defendant" also tolled the time-to-trial in this case. Schmidt, 84 Hawai'i at 196-97, 932 P.2d at 333-34.

The delay from December 17, 2007 to January 24, 2008, came at the request of defense counsel. Because the delay resulted from Schoenlein's request, the period of delay will not be held against the State. Id. The period between January 24, 2007 and February 5, 2008 is similarly tolled because it is a "delay[] attributable to motions filed on behalf of the defendant," specifically the January 24, 2008 motion to dismiss and defense counsel's motion to withdraw. Batungbacal, 81 Hawai'i at 130, 913 P.2d at 56. The circuit court properly excluded the time between the January 28, 2008 hearing on the motion to dismiss and the February 25, 2008 status conference, at which time the circuit court set a new trial date without objection by Schoenlein or counsel. Moreover, the time between February 25, 2008 status conference and the new trial date was excludable from the IAD calculation, notwithstanding that the new trial date was well outside the 180-day IAD window. See New York v. Hill, 528 U.S. 110, 111, 118 (2000) (holding a defense counsel's agreement to a trial date outside the 180 days required by IAD Article III prevented defendant from seeking dismissal on the grounds that the trial did not occur within that period).

At the time that Schoenlein pleaded guilty, at most 170 days--between July 19, 2007 and December 17, 2007--had run on the IAD time-to-trial clock. Accordingly, the IAD provides no basis for reversing the theft conviction.

(3) We reject Schoenlein's claims that he was denied his constitutional rights to a speedy trial. HRPP Rule 48 is

7

"separate and distinct from [an accused's] constitutional protection to a speedy trial" under the Sixth Amendment to the U.S. Constitution and Article 1, § 14 of the Hawai'i Constitution. State v. Estencion, 63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981). However, where it has been determined that the trial commenced within the six-month time period as defined in HRPP Rule 48(b), the defendant "was not deprived of his constitutional rights to due process or a speedy trial[.]" State v. Mundon, 121 Hawai'i 339, 362, 219 P.3d 1126, 1149 (2009).

(4) Schoenlein failed to establish that the circuit court's conclusion that "[t]he warrant in this case was executed without unnecessary delay and therefore, there is no violation of HRPP Rule 9" was unreasonable.

HRPP Rule 9(c)(3)(i) requires a warrant to "be executed without unnecessary delay by the arrest of the defendant." In determining whether "unnecessary delay" has occurred, the focus is on whether the defendant was amenable to service of the warrants during the period they were outstanding and whether there was a reason for delay in serving the warrants. State v. Lei, 95 Hawai'i 278, 286, 21 P.3d 880, 888 (2001).

The circuit court's findings regarding the delay in serving Schoenelein were supported by the testimony of a deputy sheriff as well as his "record of attempts" made on the warrant.

(5) There was sufficient evidence that Schoenlein committed the offense of attempted escape and accordingly the circuit court did not err in denying his motion for acquittal. The testimony of two adult corrections officers was presented to prove that Schoenlein attempted to escape from Oahu Community Correctional Center and from custody while at Queen's Medical Center. Schoenlein, on the contrary, claimed that he was trying to commit suicide, not escape. The circuit court found Schoenlein guilty on both counts "based on all of the credible evidence." Viewing the evidence in the light most favorable to the prosecution and giving full deference to the circuit court's right to determine credibility and to make reasonable inferences

of fact from the evidence, there was substantial evidence to support the convictions.  See State v. Baxley, 102 Hawai‘i 130, 133, 73 P.3d 668, 671 (2003).

(6)  Schoenlein's sentence on the attempted escape charges did not constitute cruel and unusual punishment.  The following factors are considered in determining whether a punishment is clearly and manifestly cruel and unusual:

> (1) the nature of the offense and/or the offender, with particular regard to the degree of danger posed by both to society; (2) the extent of the challenged penalty as compared to the punishments prescribed for more serious crimes within the same jurisdiction; and (3) the extent of the challenged penalty as compared to the punishment prescribed for the same offense in other jurisdictions.

State v. Jenkins, 93 Hawai‘i 87, 114, 997 P.2d 13, 40 (2000) (citation omitted).

The circuit court based the sentence on the nature and circumstance of the offense and the history and characteristics of Schoenlein, satisfying the first factor, and there is no evidence in the record nor argument presented that the sentence imposed on Schoenlein was disproportionate when compared to the sentences imposed for more serious offenses or imposed in other jurisdictions for the same offense.

Therefore,

IT IS HEREBY ORDERED that the judgments in Criminal Nos. 04-1-2287 and 05-1-2431 of the Circuit Court of the First Circuit, entered on September 22, 2008, are affirmed.

DATED:  Honolulu, Hawai‘i, June 30, 2011.

On the briefs:

Stephen M. Shaw,
for Defendant-Appellant.

Karen A. Droscoski,
Deputy Attorney General,
for Plaintiff-Appellee
in Appeal No. 29269.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee
in Appeal No. 29270.

Chief Judge

Associate Judge

Associate Judge

9